UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOSEPH DEPATTY,

      Plaintiff,

Case No. 17-cv-12002

v.

HON. MARK A. GOLDSMITH

HURON COUNTY JAIL
ADMINISTRATORS, et al.,

      Defendants.
_____/

## OPINION & ORDER
## SUMMARILY DISMISSING THE COMPLAINT (Dkt. 1)

This is a pro se prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff Michael Joseph DePatty is incarcerated at the Huron County Jail in Bad Axe, Michigan. DePatty names two defendants: Huron County Jail Administrators and Steven M. Bischer. DePatty alleges that he is being denied access to the law library, that staff fails to assist in contacting the courts or making legal copies, and that he is forced to handwrite materials. See Compl. at 3-6 (Dkt. 1). The complaint seeks monetary damages. Id. at 3-4.

For the reasons set forth below, the Court dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### I. STANDARD OF DECISION

DePatty has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. 6/23/2017 Order (Dkt. 3). Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint, or a prisoner complaint seeking redress against government entities, officers, and employees, if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To survive dismissal for failure to state a claim, a complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009); Hill v. Lappin, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of Iqbal applies to a court's review of a complaint under the PLRA for failure to state a claim).  A complaint will be dismissed unless, when all well-pled factual allegations are accepted as true, the complaint states a "plausible claim for relief."  Iqbal, 556 U.S. at 679.  To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). A pro se civil rights complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## II. DISCUSSION

DePatty's complaint alleges that his right of access to the courts is being violated because he and fellow inmates are denied access to the law library, and because "staff fails to help us contact the courts, or make legal copies if we don't have funds."  Compl. at 3.  He complains that, although he has access to an electronic computer system, he and fellow prisoners have to "hand write everything."  Id. at 5.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts, which the states have an affirmative duty to protect.  See Bounds v. Smith, 430 U.S. 817, 821-825 (1977).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Id. at 828.  "[I]ndigent inmates must be provided at

2

state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Id. at 824-825.  A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement.  See Lewis v. Casey, 518 U.S. 343, 355 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).  To prevail on an access to the courts claim, the prisoner "must plead and prove prejudice stemming from the asserted violation. . . .  Plaintiffs [must] allege [a] litigation-related detriment."  Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005) (citing Jackson v. Gill, 92 F. App'x 171, 173 (6th Cir. 2004)).  Examples do not include lack of access to a typewriter.  Bounds, 430 U.S. at 824-825.

DePatty has failed to allege that any of his constitutionally guaranteed legal proceedings have been compromised by any asserted deficiencies at the prison.  Thus, he has failed to state a claim that his constitutional right of access to the courts has been denied.

### III.  CONCLUSION

For the reasons given above, the complaint is frivolous and fails to state a plausible claim on which relief may be granted. Therefore, the Court summarily dismisses the complaint (Dkt. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 442-445 (1962).

SO ORDERED.

Dated:  July 28, 2017                    s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2017.

s/Karri Sandusky  
Case Manager